UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Donna Vaught,<br><br>        Plaintiff,<br><br>v.<br><br>Asset Recovery Solutions, LLC; and DOES 1-10, inclusive,<br><br>        Defendants. | Civil Action No.: 1:14-cv-1070<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Donna Vaught, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Donna Vaught ("Plaintiff"), is an adult individual residing in Towson, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Asset Recovery Solutions, LLC ("Asset Recovery"), is an Illinois business entity with an address of 2200 East Devon Avenue, Suite 200, Des Plaines, Illinois

60018, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Asset Recovery and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Asset Recovery at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Asset Recovery for collection, or Asset Recovery was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Asset Recovery Engages in Harassment and Abusive Tactics**

12. In or around February 2014, Asset Recovery contacted Plaintiff in an attempt to collect the Debt.

13. Asset Recovery threatened Plaintiff when it stated "you have until the end of the day to pay [the Debt] or we will serve you with papers."

14. Asset Recovery threatened Plaintiff again when it stated "we will send law enforcement to your place of employment and embarrass you."

2

15. Plaintiff told Asset Recovery that the Debt had been paid and requested that Asset Recovery stop calling her.

16. Asset Recovery called Plaintiff at an annoying and harassing rate, placing up to ten calls daily.

17. Asset Recovery also called Plaintiff at her place of employment after Plaintiff told Asset Recovery not to call her there.

18. To date, Asset Recovery failed to send Plaintiff written documentation regarding the Debt.

19. As a result of Asset Recovery's efforts to collect the Debt, Plaintiff felt abused and harassed.

### C. Plaintiff Suffered Actual Damages

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants

3

contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by

law.

34. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

38. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

39. The Defendants disclosed or threatened to disclose information to a person other than the Plaintiff or his spouse information affecting the Plaintiff's reputation, with knowledge that the third party the Defendants were contacting had no business need for such information, in violation of MD. Code Comm. Law § 14-202(5).

40. The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

41. The Defendants attempted to claim and enforce a right which the Defendants did not have a legal right to enforce or claim, in violation of MD. Code Comm. Law § 14-202(8).

42. The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

45. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

46. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff in the abovementioned facts.

47. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

48. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

49. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 7, 2014

          Respectfully submitted,

          By   /s/ Sergei Lemberg
          Sergei Lemberg, Esq.
          LEMBERG LAW L.L.C.
          1100 Summer Street, 3rd Floor
          Stamford, CT 06905
          Telephone: (203) 653-2250
          Facsimile:  (203) 653-3424
          ATTORNEYS FOR PLAINTIFF